**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RALPH ELLENBURG,
　　　　　　*Plaintiff-Appellee,*

　　　　v.

SPARTAN MOTORS CHASSIS,
INCORPORATED,
　　　　　　*Defendant-Appellant,*　　　　No. 06-1864

　　　　and

TOM JOHNSON CAMPING CENTER,
INCORPORATED; FLEETWOOD MOTOR
HOMES OF INDIANA, INCORPORATED,
　　　　　　*Defendants.*

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry F. Floyd, District Judge.
(8:06-cv-01606-HFF)

Argued: December 4, 2007

Decided: March 10, 2008

Before NIEMEYER and GREGORY, Circuit Judges, and
James P. JONES, Chief United States District Judge
for the Western District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge Niemeyer wrote
the opinion, in which Judge Gregory and Judge Jones joined.

**COUNSEL**

**ARGUED:** Edward Kriegsmann Pritchard, III, PRITCHARD & ELLIOTT, L.L.C., Charleston, South Carolina, for Appellant. W. Grady Jordan, OLSON, SMITH, JORDAN & COX, Easley, South Carolina, for Appellee. **ON BRIEF:** Thomas B. Pritchard, PRITCHARD & ELLIOTT, L.L.C., Charleston, South Carolina, for Appellant. William Ashley Jordan, Greenville, South Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

The defendants in this products liability action, which was commenced in South Carolina state court, filed a Notice of Removal in the district court, pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. Six days later, the district court *sua sponte* entered an order remanding the case to state court, concluding that the Notice of Removal's allegation that the value of the matter in controversy exceeded the sum of $75,000 was "inadequate to establish" the jurisdictional amount, because it failed to "allege facts adequate to establish" the amount. The defendants appeal the remand order, and the plaintiff, in reply, urges that we dismiss the appeal pursuant to 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

Because the *sua sponte* remand order of the district court did not rely on lack of subject matter jurisdiction, but rather on a procedural defect in pleading that was not timely raised by the plaintiff, indeed not raised at all by the plaintiff, we conclude that it does not fall within the scope of orders that are deemed unreviewable under 28 U.S.C. § 1447(d) and that therefore we have authority to review the court's remand order. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) (limiting § 1447(d)'s prohibition to remands based on a lack of subject matter jurisdiction or a "*timely raised* defect in removal procedure*" (emphasis added)). On the merits, we

conclude (1) that the district court lacked authority to enter a remand order *sua sponte* based on a procedural defect in removal and (2) that, in any event, the Notice of Removal filed in this case satisfied the notice-pleading requirements of 28 U.S.C. § 1446(a) and, indirectly, Federal Rule of Civil Procedure 8(a). Accordingly, we reverse the district court's order of remand and remand this case to the district court for further proceedings consistent with this opinion.

I

Ralph Ellenburg commenced this action against Tom Johnson Camping Center, Inc. ("Johnson"), Fleetwood Motor Homes of Indiana, Inc. ("Fleetwood"), and Spartan Motors Chassis, Inc. ("Spartan") in the Court of Common Pleas in Pickens County, South Carolina, asserting four "causes of action" under South Carolina law: (1) a violation of the Enforcement of Motor Vehicle Express Warranty Act, S.C. Code Ann. § 56-28-10 *et seq.*, known as South Carolina's "lemon law"; (2) negligence; (3) breach of warranty; and (4) breach of contract. He alleged in his complaint that on August 5, 2003, he purchased a 2003 American Eagle 40MS recreational motor vehicle from Johnson, which had been manufactured by Fleetwood and contained a chassis manufactured by Spartan. He claimed that within a few weeks of purchasing the vehicle, he discovered several defects in its design and manufacture and that he spent more than a year unsuccessfully attempting to have the defects corrected. The complaint sought actual, incidental, consequential, and punitive damages on the common law claims, and replacement of the vehicle or refund of the purchase price under the statutory claim. The complaint, however, stated no dollar amount for the value of the vehicle or the amount of damages claimed.

Fleetwood and Johnson filed a timely "Notice of Removal" to the district court, and Spartan consented to the removal. In the Notice of Removal, the defendants asserted removal jurisdiction based on diversity of citizenship, alleging that upon information and belief Ellenburg was a citizen of South Carolina and that the defendant companies were incorporated and had their principal places of business in States other than South Carolina. *See* 28 U.S.C. §§ 1332(a), 1332(c)(1), 1441. With respect to the value of the matter in controversy, they alleged:

> The value of the matter in dispute in this case, upon information and belief, exceeds the sum of Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, as it appears from the allegations contained in Plaintiff's Complaint. Defendants' counsel believes in good faith that the amount in controversy in this case meets and exceeds the $75,000 limit required for diversity jurisdiction.

> In addition, the Plaintiff claims entitlement to punitive damages. Consequently, this action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. § 1332.

Six days after the defendants filed their Notice of Removal, the district court *sua sponte* entered an order of remand, without having given the parties prior notice and an opportunity to respond. The court, observing that "a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*," proceeded to consider whether the Notice of Removal sufficiently established the existence of federal jurisdiction. Observing that "the amount in controversy [was] not apparent from the face of the Complaint," the court held that the allegation of the amount in controversy in the Notice of Removal, "without more, [was] inadequate to establish that the amount in controversy exceeds the jurisdictional amount" and that therefore the defendants "failed to bear the burden of establishing that the Court ha[d] jurisdiction over the matter for purposes of removal." Accordingly, the court remanded the case to state court pursuant to 28 U.S.C. § 1447(c). Nowhere in its opinion, however, did the court actually find that subject matter jurisdiction over this case did not in fact exist. Rather, it held that the Notice of Removal alleging that the value of the matter in controversy exceeded $75,000 was insufficient "to establish that the jurisdictional amount ha[d] been satisfied."

Fleetwood and Johnson promptly filed a motion to alter or amend the court's order pursuant to Federal Rule of Civil Procedure 59(e), arguing that they could "unequivocally demonstrate that the amount in controversy exceeds the federal court jurisdiction threshold." They attached to their motion an affidavit from a Johnson employee and the bill of sale for Ellenburg's recreational vehicle, both establishing that

the sales price of the vehicle was $327,669. The district court denied the defendants' motion because a Rule 59(e) motion cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment," *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), but it failed to recognize that it had entered the remand order without giving the defendants an opportunity to oppose the order "prior to the issuance of the judgment." The court reiterated that the Notice of Removal "failed to present a sufficient factual basis on which the Court could make an informed decision as to whether Plaintiff can or cannot recover damages in excess of $75,000 in this case."

From the district court's orders remanding the case to state court and denying the motion to alter or amend, Spartan filed this appeal, presenting the single issue of whether the district court erred in remanding the case.

II

At the outset, we must determine, because of 28 U.S.C. § 1447(d), whether we have the authority to review the district court's remand order. Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), and we are precluded from reviewing such an order, "whether or not that order might be deemed erroneous by [us]," *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976). The important policy carried in this provision disfavors prolonged interruptions to litigation created by litigating which of two otherwise legitimate courts should resolve the disputes between the parties. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2152-53 (2006). Even though that policy is important, however, the protection against delay caused by review is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal "other than lack of subject matter jurisdiction" that was raised by the motion of a party within 30 days after the notice of removal was filed. *See* 28 U.S.C. § 1447(c); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2415 (2007) (noting that "we have interpreted § 1447(d) to cover less than the words alone suggest"); *Thermtron*, 423 U.S. at 346 (holding that

"only remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)"). Stated otherwise, § 1447(d) bars our review of a district court's remand order only if the order was "issued under § 1447(c) and invok[ed] the grounds specified therein," *Thermtron*, 423 U.S. at 346 — i.e., either (1) that the district court granted a timely filed motion raising a "defect in removal procedure" or (2) that it noticed a lack of subject matter jurisdiction, *Things Remembered*, 516 U.S. at 127-28. If, however, the district court's remand order in a case removed under § 1441 was *not* "issued under § 1447(c)" or did *not* "invok[e] the grounds specified therein," we are free to review it. *See In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 582-83 (4th Cir. 2006). When considering § 1447(d), we are instructed not to "extinguish the power of an appellate court to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." *Thermtron*, 423 U.S. at 352.

In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act. *See* 28 U.S.C. § 1447(c); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In addition, because the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996), the court may enter a remand order *sua sponte*. Thus, a remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, falls within the scope of § 1447(c) and therefore is not reviewable by a court of appeals.

But in the case where remand would be justified by a defect in removal other than a lack of subject matter jurisdiction, the defect must be asserted by a party's motion to remand filed within 30 days. *See* 28 U.S.C. § 1447(c); *see also Things Remembered*, 516 U.S. at 127 (limiting the prohibition of § 1447(d) to "a timely raised defect in removal procedure"). Because § 1447(c) provides that a remand based on a defect other than lack of subject matter jurisdiction must be effected by granting a timely filed motion, an order granting an untimely motion or entered without a motion at all does not fall

within the scope of § 1447(c) and therefore is not barred from review by § 1447(d). *Id.*

In this case, the district court, considering remand without having a motion to remand before it, stated that the case was before it "for a determination as to whether it ha[d] jurisdiction over the matter." The court then recited the well-established principles that "subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties," and that "a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*." But then the court ruled not that it lacked subject matter jurisdiction, but rather that the defendants' allegations of diversity jurisdiction were "inadequate" and that their Notice of Removal failed "to establish that the amount in controversy exceeds the jurisdictional amount." The court stated that "the removing party ha[d] not presented a *sufficient factual basis* for the Court to make an informed decision" as to the amount in controversy. (Emphasis added).

Thus, even though the defendants alleged in their Notice of Removal that the value of the matter in controversy exceeded $75,000, the district court concluded that that allegation alone was insufficient and that the defendants had to make a *factual showing*. The court never reached the conclusion that it lacked subject matter jurisdiction, concluding only that the Notice of Removal had not presented a factual basis sufficient to permit the court to make a decision on subject matter jurisdiction. In short, it ordered a remand because the Notice of Removal was defective in failing to "present a sufficient factual basis" to support the allegations and permit the court to determine jurisdiction. The deliberateness in making this distinction between ruling on the lack of subject matter jurisdiction and ruling on the manner in which the defendants invoked jurisdiction is revealed more clearly by the court's opinion supporting its remand order, as well as its order denying the defendants' motion for reconsideration under Rule 59(e).

In its opinion evaluating the Notice of Removal, the district court applied a particular *standard* for assessing the *sufficiency* of such filing; it did not consider whether subject matter jurisdiction in fact existed. Rather than permitting allegations in the Notice of Removal

to serve the same role that allegations in a complaint serve, the district court demanded that the Notice of Removal actually demonstrate the factual basis for the allegations in the notice. The district court's selection and application of a legal standard for pleading in a notice of removal thus remains reviewable as a "conceptual antecedent" to the remand order. *See Blackwater*, 460 F.3d at 586-87 (*citing Shives v. CSX Transp., Inc.*, 151 F.3d 164, 168 (4th Cir. 1998)).

We may review a conceptual antecedent ruling even if it was an essential precursor to a remand order that is itself unreviewable under § 1447(d). *See Borneman v. United States*, 213 F.3d 819, 825 (4th Cir. 2000) ("[A]n otherwise reviewable ruling is not shielded from review merely because it is a constituent aspect of a remand order that would itself appear to be insulated from review by § 1447(d)"); *see also Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) (a court of appeals reviews a district court's ruling on the legal sufficiency of a pleading *de novo*); *id.* ("Ordinarily, the legal sufficiency of a [pleading] . . . is determined . . . in light of the pleading requirements of Rules 8 and 9, as well as the larger design of the Federal Rules").

In addition, when the defendants did demonstrate, at the first opportunity following the district court's *sua sponte* action, facts supporting their allegation of the amount in controversy through a Rule 59(e) motion filed within a few days of the district court's remand order, the district court rejected the effort because the defendants failed to include the factual basis in the Notice of Removal itself. Thus, even though the defendants demonstrated to the district court that it may indeed have had subject matter jurisdiction, the district court relied on its procedural ruling establishing a pleading standard for notices of removal to order a remand.

We conclude accordingly that the district court's remand order was not based on a finding of a lack of subject matter jurisdiction but rather on the procedural insufficiency of the Notice of Removal. In the absence of the plaintiff's timely filed motion raising that procedural deficiency, the order fell outside the scope of § 1447(c), and therefore its review is not barred by § 1447(d).

### III

Our conclusion that we have jurisdiction to review the district court's remand order also tends to forecast our ruling on the outcome of that review. Our authority to review the order under § 1447 is premised on the fact that the district court's order fell outside the scope of § 1447(c) because it was not based on (1) a lack of subject matter jurisdiction or (2) a procedural defect timely raised by a party's motion to remand. But the fact that the district court's order fell outside the scope of § 1447(c) also leads to the conclusion under this statutory scheme that the order fell outside the district court's *authority* to order remand. *Cf. Borneman*, 213 F.3d at 826 ("[Section] 1447(d) prohibits review of district courts' determinations of whether jurisdictional statutes have been satisfied, not review of determinations where district courts exceed their jurisdictional authority"). Section 1447(c) effectively assigns *to the parties* the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum. Because the parties are given the right to police non-jurisdictional questions, it follows that this right would be destroyed by the district court's exercising it on behalf of the parties *sua sponte*. Consequently, all of the circuit courts that have considered the question have concluded that a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (holding that "the district court cannot remand *sua sponte* for defects in removal procedure" and "because the district court lacked authority to remand *sua sponte* under section 1447(c), section 1447(d) interposes no jurisdictional barrier to review"); *accord Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319-21 (11th Cir. 2001); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000); *Page v. City of Southfield*, 45 F.3d 128, 132-34 (6th Cir. 1995); *In re Cont'l Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *In re Allstate Ins. Co.*, 8 F.3d 219, 222-23 (5th Cir. 1993). As the Eleventh Circuit explained, the plain language of the statute indicates this construction:

> The language of § 1447(c), especially Congress's use of the language "[a] motion to remand . . . must be made," in con-

nection with remand based on a procedural defect in the removal process, and the lack of that phrase with respect to removal for lack of subject matter jurisdiction, indicates that the district court must wait for a party's motion before remanding a case based on procedural defect.

*Whole Health*, 254 F.3d at 1320-21. Moreover, as the Seventh Circuit has observed, a functional analysis supports the same interpretation:

The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. . . . Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum.

\* \* \*

By acting without any motion, district judges increase the risk of error — both legal error and error in understanding the parties' desires. Ours is an adversarial system, and courts rely on lawyers to identify the pertinent facts and law. . . . [T]he district court should have solicited the parties' submissions before acting, to avoid what has happened in this case - extended disputation, potentially leading to another change of forum. If the district judge should entertain the parties' views before remanding a case, then he also ought to wait for a motion, because, as we have stressed, the plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum.

*Cont'l Cas.*, 29 F.3d at 294-95 (citations omitted). We conclude accordingly that the district court exceeded its statutory authority to remand this case *sua sponte*, and therefore we reverse the court's remand order and remand this case to the district court for further proceedings. *See, e.g.*, *Whole Health*, 254 F.3d at 1321; *FMC Corp.*, 208 F.3d at 448, 451.

As an additional ground for reversal, we hold that the Notice of Removal's allegations in this case were sufficient as a matter of law to allege subject matter jurisdiction. Section 1446(a) requires that a Notice of Removal contain only "a short and plain statement of the grounds for removal" and that it be "signed pursuant to Rule 11." While a notice of removal is not a pleading as defined by Federal Rule of Civil Procedure 7(a), this language in § 1446(a) is deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (discussing notice pleading under Rule 8(a)). Our understanding of the significance of the language selected for inclusion in section 1446(a) is confirmed by the legislative history of that provision:

> The present requirement of a verified petition is changed to a requirement that a notice of removal be signed pursuant to Civil Rule 11. This change is in keeping with general modern distaste for verified pleading. The sanctions available under Civil Rule 11 apply to every "other paper", but it seems desirable to make it clear that they are available in cases of improvident removal. The present requirement that the petition of removal state the facts supporting removal has led some courts to require detailed pleading. Most courts, however, apply the same liberal rules that are applied to other matters of pleading. *The proposed amendment requires that the grounds for removal be stated in terms borrowed from the jurisdictional pleading requirement establish[ed] by civil rule 8(a).*

H.R. Rep. No. 100-889, at 71-72 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6032 (emphasis added). Accordingly, we conclude that it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint. Therefore, just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," *see* Fed. R. Civ. P. 84; Fed. R. Civ. P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish

jurisdictional grounds for removal by making jurisdictional allegations in the same manner. Of course, on a challenge of jurisdictional allegations, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Blackwater*, 460 F.3d at 583. But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint.

Upon remand, the district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve that motion as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants.

Of course, if the court on remand concludes that it does not have subject matter jurisdiction, then it will be obligated under § 1447(c) to remand the case to the state court.

*REVERSED AND REMANDED*