**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 09-1561**

————————————

THE COUNTY OF JAMES CITY; WETLANDS BOARD OF THE COUNTY OF JAMES CITY,

        Plaintiffs - Appellees,

    v.

W. WALKER WARE, IV,

        Defendant – Appellant,

    v.

LEO P. ROGERS, in his individual capacity and in his official capacity as County Attorney for James City County; JENNIFER C. LYTTLE, in her individual capacity and in her official capacity as Assistant County Attorney for James City County; PATRICK T. MENICHINO, in his individual capacity and in his official capacity as an employee of James City County; DARYL COOK, in his individual capacity and in his official capacity as an employee of James City County; DAVID GUSSMAN, in his individual capacity and in his official capacity as a member of the Wetlands Board of James City County; HENRY LINDSEY, in his individual capacity and in his official capacity as a member of the Wetlands Board of James City County; JOHN HUGHES, in his individual capacity and in his official capacity as a member of the Wetlands Board of James City County; LARRY WALTRIP, in his individual capacity and in his official capacity as a member of the Wetlands Board of James City County; WILLIAM APPERSON, in his individual capacity and in his official capacity as a member of the Wetlands Board of James City County,

        Defendants - Appellees.

————————————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:08-cv-00107-RAJ-FBS)

---

Submitted: December 16, 2009                Decided: January 8, 2010

---

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Timothy M. Murphy, Williamsburg, Virginia, for Appellant. Leo P. Rogers, Jr., JAMES CITY COUNTY ATTORNEY'S OFFICE, Williamsburg, Virginia; Jeremy D. Capps, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

W. Walker Ware, IV, appeals the district court's order remanding this case to the Commonwealth of Virginia, Circuit Court of the City of Williamsburg and the County of James City pursuant to 28 U.S.C. § 1447(c) (2006). On appeal, Ware contends that, though 28 U.S.C. § 1447(d) (2006) generally precludes the appeal of remand orders, this court may "look beyond the label given to [the] remand order[]" to determine whether it is subject to appellate review. Ware asserts that because the remand order relied on Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804 (1986), as a basis for remand, appellate review is appropriate, and the remand order should be reversed because "the Complaint states an exclusively federal claim." We disagree, and dismiss the appeal for lack of jurisdiction.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court. The general statutory provision governing the reviewability of remand orders is 28 U.S.C. § 1447(d)," providing that "'[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.'" Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995) (quoting § 1447(d)); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996).

3

The Supreme Court has determined that "§ 1447(d) must be read in *pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Quackenbush, 517 U.S. at 711-12. However, whether a remand order is reviewable is not based on a district court's explicit citation to § 1447(c). See Borneman v. United States, 213 F.3d 819, 824 (4th Cir. 2000). Instead, § 1447(d)'s appellate bar applies to any order relying on a ground delineated in § 1447(c). Id. at 824-25. Moreover, "a remand order based on a lack of subject matter jurisdiction, whether sua sponte or not, falls within the scope of § 1447(c) and therefore is not reviewable by a court of appeals." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Despite Ware's contentions to the contrary, it is apparent that the district court's remand was based solely on its finding that it did not possess subject matter jurisdiction over the case. Though Ware asserts that the district court alternatively based its remand on Merrell Dow Pharm., Inc. v. Thompson, this argument misinterprets the lower court's holding. The district court's reference to Merrell Dow is limited to a single citation, for the proposition that "the 'mere presence' of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." We do not

4

read this citation, however, as forming any basis of the district court's remand order, and Ware's argument to the contrary is incorrect. Therefore, because the district court's remand was premised on its lack of subject matter jurisdiction, the district court's order is not subject to review, and we dismiss Ware's appeal for a lack of subject matter jurisdiction.

Additionally, in the last paragraph of his brief, Ware asserts that the district court erred in failing to retain jurisdiction over or address Ware's counterclaims. However, the district court's conclusion in its denial of Ware's motion for reconsideration that it lacked jurisdiction to address Ware's motion for leave to amend his counterclaim makes it clear that the district court's remand order applied to all parts of the case, including the counterclaims. Because such orders are not reviewable on appeal, we are without jurisdiction to address the merits of Ware's argument.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

5