<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-1452**

─────────────

E. KERFOOT RITTER, JR.,

                    Plaintiff - Appellee,

          v.

MARTHA RITTER,

                    Defendant - Appellant.

─────────────

**No. 07-1595**

─────────────

MARTHA RITTER,

                    Plaintiff - Appellant,

          v.

E. KERFOOT RITTER, JR.; THE EUGENE KERFOOT RITTER TRUST,

                    Defendants - Appellees.

─────────────

**No. 07-1611**

─────────────

E. KERFOOT RITTER, JR.,

                    Plaintiff - Appellee,

          v.

MARTHA RITTER,

             Defendant - Appellant.

_____

**No. 07-1712**

_____

MARTHA RITTER,

             Plaintiff - Appellant,

        v.

THE EUGENE KERFOOT RITTER TRUST; F. GILBERT HARMAN, Co-
Trustee; LUCILLE RITTER, Co-Trustee (deceased 1/28/04);
ARNOLD LERMAN; E. KERFOOT RITTER, JR.,

             Defendants - Appellees.

_____

Appeals from the United States District Court for the District
of Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge; Roger W. Titus, District Judge; Peter J. Messitte, Senior
District Judge.   (8:07-cv-01060-AW; 8:06-cv-02665-RWT; 8:07-cv-
00539-PJM)

_____

Submitted:  August 30, 2010      Decided:  September 17, 2010

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

No. 07-1452 dismissed; No. 07-1595 affirmed as modified; No. 07-
1611 vacated; No. 07-1712 affirmed by unpublished per curiam
opinion.

_____

Martha Ritter, Appellant Pro Se.   Alan Stuart Feld, BULMAN,
DUNIE, BURKE & FELD, CHTD, Bethesda, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Martha Ritter filed three notices of removal in the district court. In two of the removal notices, she removed a state court action (the 1996 action) that she initiated in 1996 in the Circuit Court for Montgomery County, Maryland. In the third removal notice, she removed a second state court action (the 1993 action) originally filed in the Circuit Court for Montgomery County. The second action commenced in 1993 when Martha's brother, Kerfoot, filed a complaint for an emergency restraining order against Martha.[*] The district court remanded the removed actions to the state court. Martha now appeals from four orders entered by the district court. The appeals have been consolidated.

## Nos. 07-1452; 07-1611

In No. 07-1452, Martha appeals the district court's orders remanding the 1993 action, which she had removed, to the state court and denying her Fed. R. Civ. P. 59(e) motion for reconsideration. The court's remand order was based in part on the court's determination that the complaint did not "sustain federal jurisdiction under any jurisdictional theory."

_____

[*] The state court docket number assigned to the 1993 actions was 110498. The docket number assigned to the 1996 action was 153962.

Subject to an exception not applicable here, remand orders are generally "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (2006). Because "§ 1447(d) must be read in pari materia with § 1447(c), . . . only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). "A remand order based on a lack of subject matter jurisdiction, whether sua sponte or not, falls within the scope of § 1447(c), and is therefore not reviewable by a court of appeals." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Because the district court's sua sponte remand was based in part on lack of subject matter jurisdiction, we dismiss No. 07-1452.

In addition to its orders remanding the removed action and denying Rule 59(e) relief, the district court entered an order imposing a prefiling injunction. In No. 07-1611, Martha appeals from this order.

In its order, the district court erroneously stated that Martha had removed the 1996 action on three occasions. In fact, Martha removed that action twice and removed the 1993 action once. In light of this factual error, we conclude that the district court abused its discretion in issuing the prefiling injunction, and we vacate the district court's order.

4

This appeal involves Martha's removal of the 1996 action. The district court sua sponte remanded the matter to state court because "the right of removal is not accorded to a plaintiff." Martha filed a Fed. R. Civ. P. 59(e) motion for reconsideration, which the district court denied. She now appeals the orders remanding the case and denying her Rule 59(e) motion. We have jurisdiction to review the propriety of the district court's remand on procedural grounds because the court did not grant a motion to remand, but instead issued its order sua sponte.

"[E]very appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the courts in a cause under review." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (internal quotation marks omitted). "'[I]f the record discloses that the lower court was without jurisdiction [the appellate] court will notice the defect.'" Id. (quoting United States v. Corrick, 298 U.S. 435, 440 (1936)). Questions of subject matter jurisdiction may be raised sua sponte by the court. Id. If the appellate court concludes that the district court was without subject matter jurisdiction, the action must be dismissed. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001).

The district court lacked subject matter jurisdiction over the removed action. That action presented no federal question.

Further, complete diversity was lacking. In the notice of removal, Martha identified herself as the Plaintiff and Kerfoot and the Eugene Kerfoot Ritter Trust as the Defendants. Two Trustees of the Trust identified by Martha in the removal notice were citizens of Maryland. Therefore, complete diversity was lacking, for Martha also is a Maryland citizen.

We accordingly affirm as modified. The district court's order of remand is modified to reflect that the remand is based on want of subject matter jurisdiction.


## No. 07-1712

The notice of removal in this case pertained to the 1996 action. Kerfoot filed a motion for remand, which the district court granted upon the determination that Martha was "the Plaintiff in the underlying state court action." In its order, the court also granted Kerfoot's motion for attorney's fees, awarding him $500. Martha filed a Fed. R. Civ. P. 60(b) motion for reconsideration, which the district court denied. She appeals the district court's denial of that motion. We conclude that Martha did not establish entitlement to relief under Rule 60(b), and that the district court accordingly did not abuse its discretion in denying the motion. See Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). We therefore affirm.

6

## Conclusion

We dismiss No. 07-1452, affirm No. 07-1595 as modified, vacate the order in No. 07-1611, and affirm No. 07-1712. The motions for sanctions and reconsideration are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 07-1452 DISMISSED
No. 07-1595 AFFIRMED AS MODIFIED
No. 07-1611 VACATED
No. 07-1712 AFFIRMED