**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1655**

———————

BALD HEAD ASSOCIATION,

             Plaintiff - Appellee,

     v.

PETER C. CURNIN,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:09-cv-00173-F)

———————

Submitted:  March 29, 2011          Decided:  May 20, 2011

———————

Before KING, SHEDD, and DAVIS, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

Francis X. Moore, FRANK X. MOORE & ASSOCIATES, Atlanta, Georgia,
for Appellant. Theresa M. Sprain, WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC, Raleigh, North Carolina; Andrew Kent McVey,
MURCHISON, TAYLOR & GIBSON, Wilmington, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter C. Curnin appeals the district court's order remanding to state court the civil action filed against him by Bald Head Association ("BHA") in the General Court of Justice, Superior Court Division, Brunswick County, North Carolina. The district court granted the BHA's motion to remand the petition after finding no basis for removal under 28 U.S.C. §§ 1441, 1442, or 1443 (2006).

Pursuant to 28 U.S.C. § 1447(d) (2006), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," with the exception of an order of remand pursuant to section 1443. The Supreme Court has interpreted § 1447(d) to insulate from appellate review only those remand orders based on the grounds specified in 28 U.S.C. § 1447(c) (2006): a defect in the removal procedure and a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996) (instructing that § 1447(c) and (d) must be read in conjunction with one another). Thus, because the district court concluded it lacked subject matter jurisdiction under §§ 1441 and 1442, that portion of the remand order is not subject to appellate review. Ellenburg v. Spartan Motors Chassis, 519 F.3d 192, 196 (4th Cir. 2008); In re Blackwater Security Consulting, LLC, 460 F.3d 576, 582-83 (4th Cir. 2006). Accordingly, we dismiss Curnin's appeal to the

2

extent it challenges the district court's jurisdictional determination under §§ 1441 and 1442. We decline to exercise mandamus jurisdiction over these rulings.

The district court's conclusion that removal was improper pursuant to 28 U.S.C. § 1443 is reviewable, however. 28 U.S.C. § 1447(d). After a thorough review of the record and the district court's order, we find no reversible error; accordingly, we affirm this portion of the remand order on the reasoning of the district court. See Bald Head Association v. Curnin, No. 7:09-cv-00173-F (E.D.N.C. May 10, 2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART