**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2430**

MARTIN GROFF CONSTRUCTION COMPANY, INCORPORATED,

              Plaintiff – Appellee,

        v.

KEVIN C. BETSKOFF,

              Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Richard D. Bennett, District Judge.
(1:10-cv-03024-RDB)

Submitted:  June 3, 2011                 Decided:  June 9, 2011

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kevin C. Betskoff, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin C. Betskoff appeals the district court's order remanding the underlying action to Maryland state court. We vacate and remand for proceedings consistent with this opinion.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Thus, remand orders are generally "not reviewable on appeal or otherwise."[*] 28 U.S.C. § 1447(d). The Supreme Court has explained that the appellate restrictions of "§ 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in [28 U.S.C.] § 1447(c) [(2006)] [i.e., lack of subject matter jurisdiction and defects in removal procedures] are immune from review under § 1447(d)." Things Remembered, 516 U.S. at 127. Whether a remand order is reviewable is not based on a district court's explicit citation to § 1447(c); "[t]he bar of § 1447(d) applies to any order invoking substantively one of the grounds specified in § 1447(c)." Borneman v. United States, 213 F.3d 819, 824-25 (4th Cir. 2000).

---

[*] The statute provides an exception to the appellate ban for civil rights cases removed under 28 U.S.C. § 1443 (2006). 28 U.S.C. § 1447(d) (2006).

2

Although a remand based on a lack of subject matter jurisdiction may be entered at any time, either sua sponte or by any party, remand for a procedural defect "must be effected by granting a timely filed motion." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196-97 (4th Cir. 2008). Where, as here, a district court sua sponte remands a case as untimely removed, it acts outside the scope of § 1447(c), and the order is reviewable by this court. Id.

Here, the district court's remand order was entered sua sponte, based on its finding that removal was untimely under § 1447(c). However, we have held that "a district court is prohibited from remanding a case sua sponte based on a procedural defect absent a motion to do so from a party." Ellenburg, 519 F.3d at 198.

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. In light of this disposition, we deny as moot Betskoff's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3