**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1511**

———————

THE CAMERON,

               Plaintiff - Appellee,

     v.

ROY SUDDUTH,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:11-cv-00560-AW)

———————

Submitted: December 5, 2011     Decided: December 15, 2011

———————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Roy Sudduth, Appellant Pro Se. Douglas Morton Bregman, BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC, Bethesda, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff The Cameron filed an eviction action in Maryland state court, alleging that Defendant Roy Sudduth was a holdover tenant. Sudduth removed the case to the United States District Court for the District of Maryland. Concluding that subject matter jurisdiction over the complaint was lacking, the district court issued an order remanding the action to state court. Sudduth moved for reconsideration, and the district court issued an order denying the motion. Sudduth noted an appeal from both orders. We dismiss the appeal.

Pursuant to 28 U.S.C. § 1447(d) (2006), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §] 1443 [(2006)] . . . shall be reviewable." The Supreme Court has limited § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure and a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996). In this case, the district court concluded that it lacked subject matter jurisdiction over the complaint. Further, this case does not implicate § 1443. Accordingly, the district court's remand order is not subject to appellate review.

2

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Moreover, having determined that subject matter jurisdiction over the action was lacking, the district court was without jurisdiction to consider Sudduth's motion to reconsider. In re Lowe, 102 F.3d 731, 734-36 (4th Cir. 1996).

Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3