**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-1368**

———————

A & D SECURITY CONSULTANTS; LOWELL DUCKETT,

            Plaintiffs - Appellees,

        v.

WILLIAM GRAY,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  J. Frederick Motz, Senior District
Judge.  (8:12-cv-00357-JFM)

———————

Submitted:  July 24, 2012          Decided:  August 9, 2012

———————

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

William T. Gray, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Gray appeals the district court's order remanding his case to state court following removal and denying permission to proceed in forma pauperis. We dismiss in part and affirm in part.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to . . . [28 U.S.C. §] 1443 [(2006)] shall be reviewable by appeal or otherwise." 28 U.S.C.A. § 1447(d) (West Supp. 2012). Section 1447(d) prohibits appellate review only of remand orders based on (1) lack of subject matter jurisdiction, or (2) a defect in removal other than subject matter jurisdiction that was timely raised by a party. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Thus, if the district court remands on one of these enumerated grounds and § 1443 is not implicated, "review is unavailable no matter how plain the legal error in ordering the remand." Briscoe v. Bell, 432 U.S. 404, 413 n.13 (1977).

In pertinent part, § 1443 authorizes removal of civil actions from state court that are brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a

2

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal is not proper unless the federal court determines both "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State[,] . . . [which] normally requires that the denial be manifest in a formal expression of state law." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks omitted).

Although Gray's notice of removal claimed to seek removal pursuant to § 1443, our review of the record leads us to conclude that this case does not fairly implicate § 1443. See § 1443(1); Johnson, 421 U.S. at 219. Because the district court concluded that it lacked subject matter jurisdiction over the complaint, its remand order is not subject to appellate review. See § 1447(d); Quackenbush, 517 U.S. at 711-12; Ellenburg, 519 F.3d at 196-98.

Turning to the district court's denial of Gray's motion to proceed in forma pauperis in the district court, we conclude that the district court did not abuse its discretion in denying in forma pauperis status based on the information Gray

3

provided in his financial affidavit and notice of removal. <u>See</u> <u>Dillard v. Liberty Loan Corp.</u>, 626 F.2d 363, 364 (4th Cir. 1980). Finally, to the extent Gray raises broad claims of judicial bias, we find no basis in the record to support Gray's unsubstantiated allegations and no grounds to question the impartiality of the district court judge.

Accordingly, we deny leave to proceed in forma pauperis, dismiss the appeal of the remand order, and affirm the district court's denial of in forma pauperis status. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>