<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1616**

DINESH B. TRINIDADE,

                Plaintiff - Appellant,

      v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:12-cv-00012-JPB-DJJ)

Submitted:  August 16, 2012        Decided:  August 20, 2012

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Dinesh B. Trinidade, Appellant Pro Se.  Christopher Robert Arthur, SAMUEL I. WHITE, PC, Charleston, West Virginia; Fabio Crichigno, Sarah A. Crichigno, Morgantown, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Federal National Mortgage Association filed an unlawful detainer action in West Virginia state court, seeking to evict Defendant Dinesh B. Trinidade. Trinidade removed the action to the United States District Court for the Northern District of West Virginia. Concluding that removal was improper because the notice of removal was not timely filed, the district court issued an order remanding the case to state court. Trinidade seeks to appeal.* We dismiss the appeal.

Pursuant to 28 U.S.C. § 1447(d) (2006), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to . . . [28 U.S.C. §] 1443 [(2006)] . . . shall be reviewable." The Supreme Court has limited § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure or a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996). In this case, the district court concluded that there was a defect in

---

*The Appellant's brief was filed by Sandra B. Trinidade, Trinidade's personal representative. No party, however, has moved for the substitution of parties under Fed. R. App. P. 43(a).

2

the removal procedure because the notice of removal was not timely filed. See Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994) ("An untimely removal is a defect in removal procedure."). Further, this case does not implicate § 1443. Accordingly, the district court's remand order is not subject to appellate review. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3