**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1214

CHRISTOPHER M. COOPER,

        Plaintiff – Appellee,

    v.

TOMMY GEORGE; SANDRA A. GEORGE,

        Defendants – Appellants,

DIESEL & ENGINE SERVICE INC.,

        Third Party Defendant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  J. Michelle Childs, District Judge. (1:13-cv-00239-JMC)

Submitted:  July 22, 2014        Decided:  August 18, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Tommy George, Sandra A. George, Appellants Pro Se. Evan Brook Bristow, Bradford Neal Martin, Laura W.H. Teer, BRADFORD, NEAL, MARTIN & ASSOCIATES, Greenville, South Carolina; Bobby O'Neil Phipps, Jr., JOHN PRICE LAW FIRM, LLC, Summerville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Christopher Cooper filed an action in South Carolina state court, alleging that Defendants Tommy George and Sandra A. George were negligent in a car collision. The Georges removed the case to the United States District Court for the District of South Carolina. Concluding that subject matter jurisdiction over the complaint was lacking, the district court accepted the recommendation of the magistrate judge and issued an order remanding the action to state court. The Georges moved for reconsideration, which the district court denied. The Georges noted an appeal from both orders. We dismiss the appeal.

Pursuant to 28 U.S.C. § 1447(d) (2012), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §] 1442 or 1443 . . . shall be reviewable." The Supreme Court has construed § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure and a lack of subject matter jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996). In this case, the district court concluded that it lacked subject matter jurisdiction over the complaint. Further, this

3

case does not implicate § 1442, concerning cases against federal officers and agencies, or § 1443, concerning civil rights cases. Accordingly, the district court's remand order is not subject to appellate review. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Moreover, having determined that subject matter jurisdiction over the action was lacking, the district court was without jurisdiction to consider the Georges' motion to reconsider. In re Lowe, 102 F.3d 731, 734-36 (4th Cir. 1996).

Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4