**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4456**

_____

COMMONWEALTH OF VIRGINIA,

        Plaintiff - Appellee,

    v.

TASHA LIZST CACCIOTTI,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Rossie David Alston, Jr., District Judge. (1:20-cr-00041-RDA-MSN-1)

_____

Submitted: March 25, 2021             Decided: April 22, 2021

_____

Before FLOYD and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Alan J. Cilman, Fairfax, Virginia, for Appellant. Mark R. Herring, Attorney General, Michael A. Jagels, Acting Deputy Attorney General, Toby J. Heytens, Solicitor General, Martine E. Cicconi, Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, Jessica Merry Samuels, Assistant Solicitor General, Kendall T. Burchard, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tasha Liszt Cacciotti, a member of the armed forces, was charged by state officials with reckless driving in violation of Virginia Code § 46.2-862. Cacciotti sought to remove the case from the Fairfax County General District Court to the Eastern District of Virginia and filed a notice of removal citing 28 U.S.C. § 1442a. Finding that Cacciotti had not established federal removal jurisdiction, the district court affirmed the magistrate judge's order, denied removal, and remanded the case to state court.

Cacciotti appeals, arguing that remand was improper. The Commonwealth contends that the district court's order is not appealable. We agree and, thus, dismiss the appeal.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted). Title 28, Section 1447(d) of the U.S. Code prohibits this court from reviewing remand orders based on the grounds specified in 28 U.S.C. § 1447(c)—i.e., "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). This is so, even if we conclude that the district court's remand order was erroneous. *Id.* Thus, if the district court remands on one of these enumerated grounds, "review is unavailable no matter how plain the legal error in ordering the remand." *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977). We look to the substance of a

2

remand order to determine whether it was issued under § 1447(c).  *Borneman v. United States*, 213 F.3d 819, 824-25 (4th Cir. 2000).

Cacciotti contends that her case was remanded, not for lack of subject matter jurisdiction, but instead based upon the erroneous factual findings that her duties did not include driving to work and that she did not receive a direct order to drive at the speed charged.  However, these "findings" were discussed in the context of determining whether the case presented a "federal defense."  Subject matter jurisdiction in this case must be predicated on the presence of a "federal defense."  *See Mesa v. California*, 489 U.S. 121, 139 (1989).  Without the requirement that the defendant present a federal defense, the district court had no basis for jurisdiction under Article III.  *Id.* at 136-39.

Here, the district court ruled that Cacciotti's "primary argument" against remand was that she asserted she had properly alleged a "federal immunity defense based on exigency."  That is, Cacciotti averred that she was following an order based on an emergency situation.  Specifically, Cacciotti, who is a nurse, contended that she was speeding to work at Walter Reed National Military Center in order to assist with a patient who was a danger to herself and others.  Assuming that Cacciotti was responding to an emergency and following an order, the district court nonetheless determined that she had not alleged a viable defense because driving at an excess rate of speed was not part of her duties.  Moreover, even if Cacciotti had been directed to get to work with utmost speed, the court concluded that such a direction did not require her to violate state law.  "To endorse [Cacciotti]'s argument would essentially require that federal officers, whenever they are in a rush to get to their place of employment under emergency circumstances,

3

would be able to remove their case to federal court when they were cited for a traffic infraction." Accordingly, the court concluded that, even accepting Cacciotti's alleged facts as true, she had failed to establish a federal immunity defense.

Lacking a federal defense, the district court found no federal basis for the underlying cause of action and determined that it therefore lacked jurisdiction. Because the remand order was based on lack of subject matter jurisdiction, it is not subject to appellate review under § 1447(d). Moreover, although Cacciotti contends that her emergency situation permitted speeding under the circumstances and challenges various factual findings by the district court, we lack jurisdiction to consider these claims. Indeed, if factual or legal errors permitted this court to consider subject matter jurisdiction issues in remand cases, § 1447(d)'s prohibition on appellate review would be meaningless. *See Ohio v. Wright*, 992 F.2d 616, 619 (6th Cir. 1993) (noting that "federal officer" remand order was not appealable even though the district court had to "examine and discuss the federal defense"); *Ellenburg*, 519 F.3d at 196 ("The important policy carried in this provision disfavors prolonged interruptions to litigation created by litigating which of two otherwise legitimate courts should resolve the disputes between the parties.").

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented materials before this court and argument would not aid the decisional process.

*DISMISSED*

4