**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1839**

KEITH M. YACKO,

        Plaintiff - Appellee,

    v.

MARILYN ELIZABETH HOWARD,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:20-cv-03763-CCB)

Submitted:  May 23, 2023                                     Decided:  June 7, 2023

Before WYNN, DIAZ, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Marilyn Elizabeth Howard, Appellant Pro Se. Brett Lawrence Messinger, DUANE MORRIS, LLP, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marilyn Elizabeth Howard appeals from the district court's orders remanding the case to state court and denying her motion to vacate. Appellee moved to dismiss the appeal for lack of jurisdiction. We grant Appellee's motion and dismiss the appeal.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits this court from reviewing remand orders which were based on the grounds specified in 28 U.S.C. § 1447(c)—i.e., "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). This is so even where we conclude that the district court's remand order was erroneous. *Id.* We look to the substance of a remand order to determine whether it was issued under § 1447(c). *Borneman v. United States*, 213 F.3d 819, 824-25 (4th Cir. 2000).

Here, the district court initially remanded the case on the bases that the district court lacked jurisdiction over the foreclosure proceeding and that the removal notice was untimely, and the court explicitly cited § 1447(c). We dismissed Howard's appeal, and the district court again entered a remand order based on its previous conclusions. That order and the denial of Howard's subsequent motion to vacate are the orders here appealed.

Because we lack jurisdiction to review the remand order or the denial of the motion to vacate for the reasons previously determined, we grant Appellee's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in materials before the court and argument would not aid the decisional process.

*DISMISSED*