**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7207

SHARON R. WAZNEY,

        Plaintiff - Appellee,

    v.

ROBERT WILLIAM WAZNEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph Dawson, III, District Judge.  (3:23-cv-03497-JD)

Submitted:  March 28, 2024                          Decided:  April 2, 2024

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert William Wazney, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert William Wazney seeks to appeal the district court's order adopting with modification the recommendation of the magistrate judge, denying his motion to proceed in forma pauperis, and remanding the underlying proceeding back to state court after determining it lacked subject matter jurisdiction. We dismiss the appeal.

Section 1447(d) of Title 28 of the United States Code places "broad restrictions," *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995), on the jurisdiction of courts of appeals to review remand orders. Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court has instructed that "§ 1447(d) must be read *in pari materia* with [28 U.S.C.] § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered*, 516 U.S. at 127. Thus, § 1447(d) bars appellate court review of remand orders when they are based on "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted).

Taking the requisite "brief peek" at the district court's reasoning, we are satisfied that "a lack of subject-matter jurisdiction was a colorable or plausible explanation of the legal ground on which the [district] court actually relied for remand." *Protopapas v. Travelers Cas. & Sur. Co.*, ___ F.4th ___, No. 23-1339, 2024 WL 764144, at *4 (4th Cir.

2

Feb. 26, 2024).  Accordingly, we lack jurisdiction to review the district court's remand order under § 1447(d) and thus dismiss this appeal.  *Id.* at *7.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*