PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1211

JANE DOE #1, a minor, by her next friends and guardians, Ben and Kelly Houdersheldt; BEN HOUDERSHELDT; KELLY HOUDERSHELDT; JANE DOE #2, a minor, by her next friends and guardians, Ben and Kelly Houdersheldt,

            Plaintiffs - Appellees,

        v.

MATT BLAIR, an individual; RES-CARE, INC., a foreign company,

            Defendants - Appellants.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Irene C. Berger, District Judge. (5:14-cv-23501)

Argued: January 28, 2016            Decided:  March 21, 2016

Before SHEDD and FLOYD, Circuit Judges, and Loretta C. BIGGS, United States District Judge for the Middle District of North Carolina, sitting by designation.

Reversed and remanded by published opinion.  Judge Floyd wrote the opinion, in which Judge Shedd and Judge Biggs joined.

**ARGUED:** Edward Taylor George, MACCORKLE LAVENDER, PLLC, Charleston, West Virginia, for Appellants.  Erwin Leon Conrad, CONRAD & CONRAD, PLLC, Fayetteville, West Virginia, for Appellees.  **ON BRIEF:** Michael E. Mullins, MACCORKLE LAVENDER, PLLC, Charleston, West Virginia, for Appellant Matt Blair.  John

P. Fuller, Suleiman O. Oko-ogua, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellant Res-Care, Inc. Jamison T. Conrad, CONRAD & CONRAD, PLLC, Fayetteville, West Virginia; Thomas A. Rist, RIST LAW OFFICES, Fayetteville, West Virginia, for Appellees.

―――――――――

FLOYD, Circuit Judge:

This appeal challenges the district court's sua sponte order remanding the underlying case to state court. The district court determined that federal diversity jurisdiction had not been established because the removing defendant—a corporation—failed to allege its principal place of business. Defendants argue that the district court did not have authority to remand the case. Plaintiffs contend that we do not have jurisdiction to review the remand order. Because the district court based its remand order on a procedural defect in the removal notice, we conclude both that we have jurisdiction to review the remand order and that the district court did not have authority to issue the remand order sua sponte. Accordingly, we reverse the district court's remand order and remand this case to the district court for further proceedings.

I.

On March 27, 2014, Jane Doe #1, through her next friends and guardians Ben and Kelly Houdersheldt, filed a complaint in West Virginia state court against Matt Blair (Blair) and Res-Care, Inc. (Res-Care). On July 14, 2014, Res-Care removed the case to federal court, asserting subject matter jurisdiction based on diversity of citizenship. In the removal notice, Res-Care alleged that Jane Doe #1 was a West Virginia resident,

3

Blair was a Virginia resident, and it was incorporated in Kentucky. However, Res-Care did not allege the state in which it had its principal place of business. An amended complaint subsequently added Jane Doe #2 and the Houdersheldts—all West Virginia residents—as plaintiffs.

On January 20, 2015, 191 days after Res-Care removed the case, the district court sua sponte remanded the case to state court because "federal diversity jurisdiction has not been established." J.A. 54. The court determined that "[a]bsent some assertion from either party as to ResCare's principal place of business, th[e] Court lacks jurisdiction." J.A. 56. Blair filed a motion to alter or amend under Federal Rule of Civil Procedure 59(e) and for reconsideration under Rule 60, which Res-Care joined. Blair noted in his motion that no party had challenged the court's jurisdiction and that the parties were able to determine that Res-Care's principal place of business is Louisville, Kentucky. Plaintiffs did not oppose the motion. The district court denied the motion and Res-Care and Blair timely appealed.

## II.

### A.

At the outset, we must determine whether we have jurisdiction to review the district court's remand order.

4

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Title 28 U.S.C. § 1447(d) provides that remand orders are generally "not reviewable on appeal or otherwise." However, the Supreme Court has "interpreted § 1447(d) to cover less than its words alone suggest." Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229 (2007). As we have previously noted, § 1447(d)

> is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed.

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (citing 28 U.S.C. § 1447(c)) (internal quotation marks omitted); see also Things Remembered, 516 U.S. at 127 ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." (citation omitted)).

Under this statutory scheme, a district court may remand a case sua sponte for lack of subject matter jurisdiction at any time, 28 U.S.C. § 1447(c), and such an order is not reviewable, id. § 1447(d). However, "a remand based on a defect other than lack of subject matter jurisdiction must be effected by granting a timely filed motion"; if such an order is "entered without a

5

motion at all," § 1447(d) does not bar our review. Ellenburg, 519 F.3d at 197; see also Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) ("[W]e have jurisdiction to review whether the district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for a party's motion." (citation and internal quotation marks omitted)).

"[A] district court's mere citation to § 1447(c) is insufficient to bring a remand order within the purview of that provision." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). "We must instead look to the substantive reasoning behind the order to determine whether it was issued based upon the district court's perception that it lacked subject matter jurisdiction." Id. Our jurisdiction to review the district court's remand order here depends on whether the order was based on lack of subject matter jurisdiction or a procedural defect in the removal process.

B.

Three other circuits have considered the precise issue here: whether a failure to establish a party's citizenship at the time of removal is a procedural or jurisdictional defect. All three circuits determined that such a failure is

6

"procedural, rather than jurisdictional."  In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993); see also Artjen, 561 F.3d at 1296; Harmon v. OKI Sys., 115 F.3d 477, 479 (7th Cir. 1997). In Allstate, the Fifth Circuit held that a procedural defect within the meaning of § 1447(c) refers to "any defect that does not go to the question of whether the case originally could have been brought in federal district court."  8 F.3d at 221 (citation and quotation marks omitted).  The court determined that the defendant's failure to allege the plaintiff's citizenship in its notice of removal was merely a procedural error because "although [the defendant] failed conclusively to demonstrate diversity, the record discloses no dispute that it in fact existed."  Id. (emphasis in original).  Because the failure to allege citizenship was a procedural defect, the Fifth Circuit determined that it had jurisdiction to review the remand order.  Id. at 223-24.  The Eleventh Circuit relied on Allstate in reaching the same conclusion.  Artjen, 561 F.3d at 1297.

Our decision in Ellenburg is also instructive.  There, the complaint filed in state court stated no dollar amount for the value of the damages claimed.  Ellenburg, 519 F.3d at 194.  The notice of removal, which was based on diversity jurisdiction, stated that the amount in controversy exceeded $75,000.  Id. at 194-95.  The district court sua sponte considered whether to remand the case to state court.  Id. at 197.  First, it "recited

7

the well-established principles" of subject matter jurisdiction. Id. The court then determined that the defendants' allegation of diversity jurisdiction was "'inadequate' and that their Notice of Removal failed 'to establish that the amount in controversy exceeds the jurisdictional amount.'" Id. (quoting district court). The district court concluded that "'the removing party ha[d] not presented a sufficient factual basis for the Court to make an informed decision' as to the amount in controversy." Id. (emphasis by Fourth Circuit) (quoting district court). Within days, the defendants filed a Rule 59(e) motion with facts supporting their allegation of the amount in controversy. Id. at 198. The district court denied the motion, relying on its earlier ruling that defendants had failed to include the factual basis in the removal notice itself. Id.

On appeal, we determined that § 1447(d) did not bar our review because the district court's remand order was not based on finding a lack of subject matter jurisdiction, but rather on the procedural insufficiency of the removal notice. Id. at 198. We noted that even when the defendants presented the district court with evidence (in their Rule 59(e) motion) that it may indeed have subject matter jurisdiction, the district court nonetheless relied on its procedural ruling and denied the motion. Id.

8

C.

The district court here proceeded in much the same way as the district court in Ellenburg. In its order remanding the case to state court, the court recited the well-established principles of subject matter jurisdiction. It then determined that "federal diversity jurisdiction has not been established" because "neither party has alleged Defendant ResCare's principal place of business." J.A. 54–55. Accordingly, the court remanded the case to West Virginia state court. The court later denied Blair's Rule 59(e) motion despite the fact that Blair provided evidence of Res-Care's principal place of business.

The district court's remand order does differ from the order at issue in Ellenburg in one respect. Whereas the district court in Ellenburg "never reached the conclusion that it lacked subject matter jurisdiction," 519 F.3d at 197, the district court here stated at the end of its order that it "lacks jurisdiction." J.A. 56. We must, however, look at the "substantive reasoning behind the order." Blackwater, 460 F.3d at 584. Here, it is clear to us that the court based its decision on the fact that the removal notice did not present a factual basis sufficient to permit the court to determine whether subject matter jurisdiction existed. The district court, in the first line of its opinion, observed that "federal diversity jurisdiction has not been established." J.A. 54

9

(emphasis added). And the court's conclusion that it lacked jurisdiction was based on the inadequacy of the removal notice: "Absent some assertion from either party as to ResCare's principal place of business, this Court lacks jurisdiction." J.A. 56. As was the case in Allstate, however, "although [Res-Care] failed conclusively to demonstrate diversity, the record discloses no dispute that it in fact existed." 8 F.3d at 221 (emphasis in original).

We conclude that the district court's remand order was not based on a lack of subject matter jurisdiction, but rather on the procedural insufficiency of the removal notice. See Artjen, 561 F.3d at 1296-97 (finding that "a perceived lack of subject matter jurisdiction" based on a failure to establish citizenship did not prevent appellate review of the remand order). Because no party filed a motion raising this procedural deficiency, the order falls outside the scope of § 1447(c) and, therefore, our review is not barred by § 1447(d).

III.

As in Ellenburg, "[o]ur conclusion that we have jurisdiction to review the district court's remand order also tends to forecast our ruling on the outcome of that review." 519 F.3d at 198. In other words, the fact that we can review the district court's remand order because it fell outside the

10

scope of § 1447(c) leads to the conclusion that the order fell outside the district court's authority to order remand. Id. "Section 1447(c) effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum." Id. (emphasis in original). Therefore, a district court exceeds its statutory authority when it remands a case sua sponte based on a procedural defect absent a motion from a party. Id. (collecting cases).

Because the district court here exceeded its statutory authority by remanding this case sua sponte, we reverse the court's remand order and remand this case to district court for further proceedings. Additionally, we grant Res-Care's motion to amend its removal notice pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

REVERSED AND REMANDED