**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-1559**

---

ROCKVILLE HOUSING ENTERPRISES,

Plaintiff - Appellee,

v.

DEBORAH A. REDMAN,

Defendant - Appellant,

and

CITY OF ROCKVILLE CITY HALL; BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC,

Defendants.

---

**No. 16-1790**

---

DEBORAH REDMAN,

Plaintiff - Appellant,

v.

CITY OF ROCKVILLE; ROCKVILLE HOUSING ENTERPRISES, (RHE); BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC,

Defendants - Appellees.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge; Roger W. Titus, Senior District Judge. (8:16-cv-00490-TDC; 8:16-cv-01445-RWT)

Submitted: April 26, 2017                              Decided: June 20, 2017

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

No. 16-1559 dismissed; No. 16-1790 affirmed in part and dismissed in part by unpublished per curiam opinion.

Deborah Redman, Appellant Pro Se.  Edward B. Lattner, COUNTY ATTORNEY'S OFFICE, Rockville, Maryland; Kevin Bock Karpinski, KARPINSKI, COLARESI & KARP, PA, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Deborah Redman appeals various district court orders in two related cases, No. 16-1559 ("*Redman I*") and No. 16-1790 ("*Redman II*"). In *Redman I*, Redman removed a state court eviction action to the district court, and the district court remanded for lack of subject matter jurisdiction. In *Redman II*, Redman filed a separate complaint against her landlord and related entities. Redman failed to pay the filing fee after the district court denied her requests to proceed in forma pauperis. Although the district court stated that it would dismiss her case if she failed to pay the filing fee, the case is still pending.

In *Redman I*, Redman appeals the district court's orders remanding this removed action to state court for lack of subject matter jurisdiction and denying her motion for reconsideration. "[A] district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time, and such an order is not reviewable." *Doe v. Blair*, 819 F.3d 64, 66-67 (4th Cir. 2016) (citations omitted); *see also* 28 U.S.C. § 1447(c), (d) (2012). In *Redman I*, the district court remanded the case based on a lack of subject matter jurisdiction, explaining that the state court complaint did not present a federal question, and denied Redman's motion for reconsideration for the same reason. Because the district court remanded Redman's removed action for lack of subject matter jurisdiction, we lack jurisdiction to review the district court's orders. *Blair*, 819 F.3d at 66-67. Accordingly, we deny Redman's motion to proceed in forma pauperis and dismiss the appeal.

In *Redman II*, Redman appeals the district court's orders denying her motion to proceed in forma pauperis and denying her motions for reconsideration and for entry of default. Redman also questions whether the district court judge should have recused himself, argues that the district court erred in removing the City of Rockville as a party, and requests that we enter judgment in her favor.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). *Redman II* is still pending in the district court. Therefore, none of the orders Redman appeals is a final order, and this court has jurisdiction to review the orders only if they are appealable interlocutory or collateral orders.

Orders denying motions for entry of default, orders denying motions for recusal, and orders dismissing fewer than all of the parties are not final orders or appealable interlocutory or collateral orders. *Gallant v. Deutsche Bank*, 403 F. App'x 871, 871-72 (4th Cir. 2010) (entry of default); *Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (fewer than all parties); *In re Va. Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) (recusal). Accordingly, this court does not have jurisdiction to review the district court's rulings, and we dismiss this portion of the appeal in *Redman II*.

An order denying "a motion to proceed *in forma pauperis* is an appealable [interlocutory] order." *Roberts v. U.S. Dist. Court*, 339 U.S. 844, 845 (1950). We review an order denying a motion to proceed in forma pauperis for abuse of discretion. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). We conclude that the district

4

court did not abuse its discretion in denying Redman's motions to proceed in forma pauperis. Accordingly, although we grant Redman's motion to proceed in forma pauperis in this court, we affirm the district court's order.

Finally, in *Redman I* and *Redman II*, we grant Redman's motions to exceed length limitations and to file a supplemental brief. We deny Redman's motion to appoint counsel and deny as moot her motion for partial summary disposition. We deny Redman's motions for emergency injunction pending appeal and for emergency relief from illegal eviction because she did not first present the motions to the district court and did not allege that it would have been impracticable to do so. *See* Fed. R. App. P. 8(a)(2)(A)(i). With regard to Redman's request that we enter judgment in her favor, that argument is a new argument on appeal not properly before this court. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 16-1559 *DISMISSED*
No. 16-1790 *AFFIRMED IN PART AND DISMISSED IN PART*