**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1798

CARRIE WARD; HOWARD N. BIERMAN; JACOB GEESING; PRATIMA LEE;
JOSHUA COLEMAN; RONALD R. GOLDSMITH, JR.; LUDEEN MCCARTNEY-
GREEN; NICHOLAS DERDOCK; ELIZABETH C. JONES; ANDREW J. BRENNER;
WAYNE ANTHONY HOLMAN; ANGELA M. DAWKINS; MICHAEL SCOTT
COHEN; STEVEN ANDREW TRADER,

Plaintiffs - Appellees,

v.

KEVIN-PATRICK O'ROURKE,

Appellant,

KO HOLDINGS COMPANY LLC,

Defendant,

v.

WELLS FARGO BANK, N.A.,

Third Party Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge. (1:18-cv-01939-RDB)

Submitted: February 26, 2019          Decided: March 28, 2019

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

———————

Kevin-Patrick O'Rourke, Appellant Pro Se. Russell J. Pope, WOMBLE BOND DICKINSON (US) LLP, Baltimore, Maryland, for Appellee Wells Fargo Bank, N.A.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin-Patrick O'Rourke attempted to remove the underlying foreclosure proceeding filed in Maryland state court. Upon finding no grounds for federal jurisdiction, the district court remanded the case to state court. O'Rourke appeals. We dismiss his appeal.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (2012) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits this court from reviewing remand orders based on the grounds specified in 28 U.S.C. § 1447(c) (2012)—i.e., "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). Here, the district court determined that it lacked subject matter jurisdiction over this case. Accordingly, we may not review the district court's decision to remand the case.

We dismiss the appeal for lack of jurisdiction. In light of this disposition, we deny O'Rourke's motions for sanctions, for consideration by a single judge, and for injunctive relief pending appeal. We also deny as moot O'Rourke's motions to reconsider the order granting Wells Fargo's motion for an extension of time to file its informal response brief and to remand the case. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*