**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2234**

PATRICIA RICHARD; RICHARD F. TALLANT,

         Petitioners - Appellees,

    v.

ELIZABETH S. TALLANT,

         Respondent - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cv-00129-KDB-DCK)

Submitted:  November 18, 2021         Decided:  November 19, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Elizabeth S. Tallant, Appellant Pro Se.  Jimmy Ray Summerlin, Jr., YOUNG, MORPHIS, BACH & TAYLOR, L.L.P., Hickory, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth S. Tallant (**"Tallant"**) seeks to appeal the district court's October 2020 order granting Richard Tallant and Patricia Richard's ("Petitioners") motion to remand the case to the state court from which it was removed on the ground that removal was untimely under 28 U.S.C. § 1446(b) and denying Tallant's pending motions as moot. Tallant also seeks to appeal the district court's September 2020 order denying in part her motion to electronically file documents.

Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court has instructed that "§ 1447(d) must be read *in pari materia* with [28 U.S.C.] § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). Thus, § 1447(d)'s proscription against review applies only to remand orders "based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted).

Petitioners moved to remand within 30 days of Tallant's notice of removal and the district court remanded on the basis that removal was untimely. Under the cited authorities,

we are without jurisdiction to review the remand order.* Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* Because the district court's remand order is unreviewable and the case is no longer before the district court, we dismiss as moot Tallant's appeal of the intermediary order denying in part her motion to electronically file documents. *See Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) ("[A] case is moot when our resolution of an issue could not possibly have any practical effect on the outcome of the matter." (internal quotation marks omitted)).