**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1943**

ELIZABETH PERRY, Property Maintenance Code Official for Fairfax County, Virginia; LESLIE B. JOHNSON, Fairfax County Zoning Administrator,

Plaintiffs - Appellees,

v.

JEAN JOHN AIDONIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:20-cv-01236-CMH-TCB)

Submitted: February 17, 2022                    Decided: February 22, 2022

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jean J. Aidonis, Appellant Pro Se. Sara Grossman Silverman, Assistant County Attorney, FAIRFAX COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2020, Elizabeth Perry, Property Maintenance Code Official for Fairfax County, Virginia, and Leslie B. Johnson, Fairfax County Zoning Administrator, filed a complaint in Virginia state court seeking declaratory and injunctive relief against Jean John Aidonis regarding a zoning dispute. Aidonis filed a notice of removal to the District Court for the Eastern District of Virginia. The Fairfax County officials moved to remand the case to state court. In response, Aidonis filed a suggestion of bankruptcy. The district court granted the motion to remand, reasoning that Aidonis' removal was untimely under 28 U.S.C. § 1446(b)(2)(B), that it lacked subject matter jurisdiction, and that Aidonis' bankruptcy petition did not require an automatic stay because the case was a regulatory action under 11 U.S.C. § 362(b)(4). Aidonis appealed.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits this court from reviewing remand orders based on the grounds specified in § 1447(c)—i.e., "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). Here, the district court expressly determined that it lacked subject matter jurisdiction over this case. Further, this case does not implicate 28 U.S.C. § 1443. *See*

2

*Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 311 (4th Cir. 2021) ("[28 U.S.C.] § 1443 . . . only pertains to laws dealing with racial equality, which is not the case here."). Therefore, we may not review the district court's decision to remand the case to the state court.

Accordingly, we dismiss this appeal. We deny Aidonis' motion to appoint counsel and grant his motion to amend his informal brief as incorporated in the filing. We deny as moot the Appellees' motion to dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*