**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––

**No. 22-2251**

––––––––––

BETTY JEAN ROBINSON, by its agent Great Jones North Carolina, LLC,

        Plaintiff - Appellee,

    v.

VINCENT LINEBERGER,

        Defendant - Appellant.

––––––––––

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:21-cv-00622-MOC-DSC)

––––––––––

Submitted:  January 30, 2023                        Decided:  February 9, 2023

––––––––––

Before WILKINSON and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

––––––––––

Dismissed by unpublished per curiam opinion.

––––––––––

Vincent Eugene Lineberger, Appellant Pro Se.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Lineberger seeks to appeal the district court's orders remanding Betty Jean Robinson's action against him to the state court from which it was removed, denying his motion for reconsideration, and denying his motion for a stay of the remand order pending appeal. The district court remanded the case after determining that it lacked subject matter jurisdiction. Generally, an order remanding a case to the state court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447(d). "Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits this court from reviewing remand orders based on the grounds specified in § 1447(c)—i.e., "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). Here, the district court expressly determined that it lacked subject matter jurisdiction over this case. Further, this case does not implicate 28 U.S.C. § 1442 (exception for cases involving "[f]ederal officers or agencies sued or prosecuted"), or 28 U.S.C. § 1443 (exception for cases involving "[c]ivil rights cases"). *See Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 311 (4th Cir. 2021) ("[28 U.S.C.] § 1443 . . . only pertains to laws dealing with racial equality, which is not the case here.").

2

The district court remanded the case after determining that it lacked subject matter jurisdiction.* We are therefore without jurisdiction to review the remand order. *See Doe*, 819 F.3d at 66. Accordingly, we dismiss the appeal for lack of jurisdiction. We deny Lineberger's motion for a stay pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* Although Lineberger filed a third-party complaint alleging violations of federal law, claims asserted in defense, in a counterclaim, or in a third-party complaint do not establish federal subject matter jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) ("a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction").