**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1899

JEFFREY JOHNSON; KATHERINE NOLAN; DALE F. STEPKA; DAVID F. STEPKA; JOYCE ANN BROWN; DIANE LACEY, Executor for the Estate of William Lacey, Deceased,

Plaintiffs - Appellees,

v.

KATHY KAR PO NG, Individually and her Capacity as Administrator for the Estate of Donald Thomas Stepka, Deceased,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:24-cv-00277-RDA-LRV)

Submitted:  January 23, 2025                           Decided:  January 27, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kathy Kar Po Ng, Appellant Pro Se.  Jonathan Robert Bronley, BRONLEY LAW, PLLC, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathy Kar Po Ng seeks to appeal the district court's order granting Plaintiffs' motion to remand the underlying action to the state court from which it was removed. "Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits us from reviewing remand orders that fall within the scope of 28 U.S.C. § 1447(c)—namely, remand orders "based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). We look to the substance of a remand order to determine whether it was issued under § 1447(c). *Doe*, 819 F.3d at 67.

Here, Plaintiffs filed their motion to remand 21 days after Ng filed the notice of removal, and they argued that remand was warranted because the notice was untimely and because the district court lacked subject matter jurisdiction. The district court agreed that Ng's notice was untimely and that it lacked subject matter jurisdiction, and it remanded the action on those grounds. We therefore conclude that the order was issued under § 1447(c), meaning that § 1447(d) applies.

Furthermore, contrary to Ng's suggestion on appeal, the remand order does not fall within one of § 1447(d)'s limited exceptions to the general bar on review. The exception

2

Ng invokes permits review of orders remanding a case that "was removed pursuant to . . . [28 U.S.C. §] 1443." 28 U.S.C. § 1447(d). But Ng did not cite § 1443 in her notice of removal or otherwise indicate that the state action involved any "laws dealing with racial equality." *Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 311 (4th Cir. 2021); *see id.* at 309-11 (discussing when § 1443 provides basis for removal); *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021) (explaining that "defendant's notice of removal must assert the case is removable in accordance with or by reason of" § 1443 for exception to apply (internal quotation marks omitted)).

Accordingly, we are without jurisdiction to review the remand order, and we therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3