**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1840**

_____

NORTH CAROLINA STATE BAR,

Plaintiff - Appellee,

v.

TIGRESS SYDNEY ACUTE MCDANIEL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cv-00321-D-BM)

_____

Submitted:  February 20, 2025                          Decided:  February 24, 2025

_____

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Tigress Sydney Acute McDaniel, Appellant Pro Se.  Carmen Hoyme Bannon, NORTH CAROLINA STATE BAR, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tigress Sydney Acute McDaniel seeks to appeal the district court's order granting the motion filed by the North Carolina State Bar ("the State Bar") to remand the underlying action to the state court from which it was removed. The State Bar moves to dismiss this appeal for lack of jurisdiction. Upon review, we agree that we lack jurisdiction to consider the district court's remand order.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits us from reviewing remand orders that fall within the scope of 28 U.S.C. § 1447(c)—namely, remand orders "based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). We look to the substance of a remand order to determine whether it was issued under § 1447(c). *Doe*, 819 F.3d at 67.

Here, in granting the State Bar's motion to remand, the district court agreed that it lacked subject matter jurisdiction over the removed action, and it remanded the action on that basis. We therefore conclude that the remand order was issued under § 1447(c), meaning that § 1447(d) applies.

2

Contrary to McDaniel's suggestion on appeal, the remand order does not fall within one of § 1447(d)'s limited exceptions to the general bar on review. The exception McDaniel invokes permits review of orders remanding a case that "was removed pursuant to . . . [28 U.S.C. §] 1443." 28 U.S.C. § 1447(d). But McDaniel did not cite § 1443 in her notice of removal or otherwise indicate that the state action involved any "laws dealing with racial equality." *Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 311 (4th Cir. 2021); *see id.* at 309-11 (discussing when § 1443 provides basis for removal); *BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, __, 141 S. Ct. 1532, 1538 (2021) (explaining that "defendant's notice of removal must assert the case is removable in accordance with or by reason of" § 1443 for exception to apply (internal quotation marks omitted)).

Accordingly, we agree with the State Bar that we lack jurisdiction to review the remand order. As such, we (a) deny as moot McDaniel's motions for Judge Dever's recusal, for injunctive relief pending appeal, for sanctions, and for reversal of the district court's remand order; and (b) grant the State Bar's motion and dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*