**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 25-1656**

─────────

PNC BANK, N.A.,

          Plaintiff - Appellee,

    v.

SHERRI RICHARDSON,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:24-cv-00076-EWH-RJK)

─────────

Submitted:  August 21, 2025                 Decided:  August 25, 2025

─────────

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Sherri Richardson, Appellant Pro Se.  Christopher Anthony Hatfield, BALLARD SPAHR, LLP, Washington, D.C., for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherri Richardson seeks to appeal the district court's order granting the motion filed by PNC Bank, N.A. (PNC) to remand the underlying action to the state court from which it was removed. PNC moves to dismiss this appeal for lack of jurisdiction. Upon review, we agree that we lack jurisdiction to consider the district court's remand order.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016) (internal quotation marks omitted); *see* 28 U.S.C. § 1447(d) (providing that remand orders generally are "not reviewable on appeal or otherwise"). Section 1447(d) prohibits us from reviewing remand orders that fall within the scope of 28 U.S.C. § 1447(c)—namely, remand orders "based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted). We look to the substance of a remand order to determine whether it was issued under § 1447(c). *Doe*, 819 F.3d at 67.

Here, in granting PNC's motion to remand, the district court agreed that it lacked subject matter jurisdiction over the removed action, and it remanded the action on that basis. Contrary to Richardson's argument on appeal, her counterclaims invoking various federal laws cannot serve as grounds for removal. *See Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 279 (4th Cir. 2022). We thus conclude that the remand order issued under § 1447(c), meaning that § 1447(d) applies.

2

Because § 1447(d) prohibits review of the district court's remand order, we grant PNC's motion and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*